# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

| | |
|---|---|
| **DAN MEAD** and **JENNIFER MEAD**, | Case No. 1:23-cv-01313 |
| *Plaintiffs,* | |
| v. | |
| **ROCKFORD PUBLIC SCHOOL DISTRICT**; **ROCKFORD PUBLIC SCHOOLS' BOARD OF EDUCATION**, | Honorable Paul L. Maloney |
| | Magistrate Judge Ray Kent |
| *Defendants.* | |

## PLAINTIFFS' RESPONSE TO ROCKFORD'S NOTICE OF SUPPLEMENTAL AUTHORITY

Without telling Dan and Jennifer Mead, the Rockford Public School District treated their daughter as a boy. The Meads claim Rockford violated their rights to freely exercise their religion; to direct their daughter's upbringing, education, and healthcare; and to receive due process. (ECF No. 1, PageID.35-43.) Yet Rockford argues in its Notice of Supplemental Authority that a recent *free-speech* decision justifies dismissing the Meads' complaint. (ECF No. 29, PageID.208-210.) Rockford's argument misunderstands the procedural posture of that case and the legal reasoning of that decision. *See Parents Defending Educ. v. Olentangy Local Sch. Dist. Bd. of Educ.*, 109 F.4th 453 (6th Cir. 2024), *petition for reh'g en banc filed*, No. 23-3630 (6th Cir. Aug. 26, 2024), ECF No. 92.

First, the procedural posture. In ruling that the *Olentangy* plaintiff had not met its free-speech burden, the court emphasized the "drastic" or "extraordinary" nature of a preliminary injunction and the need to "clearly" meet all four factors. *Id.* at 461. And it expressly held that "[t]he standard of review matter[ed]" there. *Id.* The preliminary-injunction standard doesn't apply to the Meads' claims.

A more recent decision in *Olentangy* illustrates how the standard can make a difference. About a week before Rockford's Notice of Supplemental Authority, the *Olentangy* district court denied that school district's motion to dismiss for lack of subject-matter jurisdiction. No. 2:23-cv-1595, 2024 WL 3992579, at *6-7 (S.D. Ohio Aug. 28, 2024). As in *Olentangy*, at the motion-to-dismiss stage, here it is Rockford's burden to show that the complaint doesn't state even a single "claim for relief that is plausible on its face." *Country Mill Farms, LLC v. City of E. Lansing*, 280 F. Supp. 3d 1029, 1038 (W.D. Mich. 2017) (cleaned up). Unlike the preliminary-injunction standard—which considers the "likelihood of success on the merits," *Olentangy*, 109 F.4th at 461—the motion-to-dismiss standard "is not akin to a probability requirement," *Country Mill*, 280 F. Supp. 3d at 1038 (cleaned up).

Regarding the legal reasoning, as even Rockford acknowledges (ECF No. 29, PageID.209), the Sixth Circuit considered only a free-speech challenge to the *Olentangy* school district's policy regarding students' use of "non-preferred" pronouns to refer to their classmates. 109 F.4th at 459. And Judge Batchelder's dissenting opinion explains the tension between the majority's free-speech holding and binding precent. *See, e.g.*, *id.* at 476 (Batchelder, J., dissenting); *see also* Br. of *Amici Curiae* Am. Civil Liberties Union, et al., *Parents Defending Educ. v. Olentangy Local Sch. Dist. Bd. of Educ.*, No. 23-3630 (6th Cir. filed Oct. 2, 2023), ECF No. 47 at 11 (explaining that Olentangy's policies "cannot withstand First Amendment review"). Thus the plaintiff sought rehearing en banc—also before Rockford filed its Notice of Supplemental Authority.

In any event, the Fourteenth Amendment claim in *Olentangy*—which the Sixth Circuit hasn't considered yet—challenged only the school district's "prohibiting off-campus speech, including speech not during a school-sponsored activity." 2024 WL 3992579, at *6. Unlike that speech claim, the Meads' claims here contend that Rockford made "educational and healthcare decisions for their

daughter by treating her as a boy and concealing that fact from them." (Opp'n to Mot. to Dismiss, ECF No. 21, PageID.143.) The *Olentangy* plaintiff made no similar claims.

Because the Meads have pleaded a plausible claim that Rockford violated their fundamental rights, they ask the Court to deny Rockford's motion to dismiss.

Dated: September 17, 2024                    Respectfully submitted,

                                              */s/ Katherine L. Anderson*

DAVID A. CORTMAN                              JOHN J. BURSCH
Georgia Bar No. 188810                        Michigan Bar No. P57679
ALLIANCE DEFENDING FREEDOM                    ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Road N.E.,              440 First Street NW, Suite 600
   Suite D1100                                Washington, DC 20001
Lawrenceville, Georgia 30043                  (202) 393-8690
(770) 339-0774                                jbursch@ADFlegal.org
dcortman@ADFlegal.org

KATHERINE L. ANDERSON                         VINCENT M. WAGNER
Arizona Bar No. 33104                         Virginia Bar No. 98663
ALLIANCE DEFENDING FREEDOM                    ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street                          44180 Riverside Parkway
Scottsdale, Arizona 85260                     Lansdowne, Virginia 20176
(480) 444-0020                                (571) 707-4655
kanderson@ADFlegal.org                        vwagner@ADFlegal.org

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I certify that on September 17, 2024, I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record for all parties.

                                              */s/ Katherine L. Anderson*
                                              KATHERINE L. ANDERSON
                                              ALLIANCE DEFENDING FREEDOM
                                              15100 N. 90th Street
                                              Scottsdale, AZ 85260
                                              (480) 444-0020
                                              kanderson@ADFlegal.org
                                              *Counsel for Plaintiffs*

3