# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

| | |
|---|---|
| **DAN MEAD** and **JENNIFER MEAD**, *Plaintiffs*, v. **ROCKFORD PUBLIC SCHOOL DISTRICT**; **ROCKFORD PUBLIC SCHOOLS' BOARD OF EDUCATION**, *Defendants*. | Case No. 1:23-cv-01313<br><br>Honorable Paul L. Maloney<br><br>Magistrate Judge Ray Kent |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES

Under Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs serve their First Set of Interrogatories on Defendants. Plaintiffs request that Defendants respond within 30 days of the service hereof. Defendants may either electronically transfer the responses to Plaintiffs' counsel or deliver them to Alliance Defending Freedom, 15100 N. 90th Street, Scottsdale, Arizona 85260.

Respectfully submitted this 17th day of December, 2025.

|  |  |
|---|---|
|  | */s/Katherine L. Anderson* |
| DAVID A. CORTMAN | JOHN J. BURSCH |
| Georgia Bar No. 188810 | Michigan Bar No. P57679 |
| ALLIANCE DEFENDING FREEDOM | ALLIANCE DEFENDING FREEDOM |
| 1000 Hurricane Shoals Road N.E., Suite D1100 | 440 First Street NW, Suite 600 |
| Lawrenceville, Georgia 30043 | Washington, DC 20001 |
| (770) 339-0774 | (202) 393-8690 |
| dcortman@ADFlegal.org | jbursch@ADFlegal.org |
| KATHERINE L. ANDERSON | VINCENT M. WAGNER |
| Arizona Bar No. 33104 | Virginia Bar No. 98663 |
| ALLIANCE DEFENDING FREEDOM | NOEL W. STERETT |
| 15100 N. 90th Street | Illinois Bar No. 6292008 |
| Scottsdale, Arizona 85260 | LAURENCE J. WILKINSON |
| (480) 444-0020 | New York Bar No. 6148704 |
| kanderson@ADFlegal.org | ALLIANCE DEFENDING FREEDOM |
|  | 44180 Riverside Parkway |
|  | Lansdowne, Virginia 20176 |
|  | (571) 707-4655 |
|  | vwagner@ADFlegal.org |
|  | nsterett@ADFlegal.org |
|  | lwilkinson@ADFlegal.org |

*Counsel for Plaintiffs*

2

## CERTIFICATE OF SERVICE

I certify that on December 17, 2025, the foregoing document was served via email and first class mail on the following:

Catherine A. Tracey
Amy E. Murphy
Amanda L. Rauh-Bieri
MILLER JOHNSON
45 Ottawa Avenue SW Suite 1100
Grand Rapids, MI 49503
traceyc@millerjohnson.com
murphya@millerjohnson.com
rauhbieria@millerjohnson.com

*Counsel for the Defendants*

/s/*Katherine L. Anderson*
KATHERINE L. ANDERSON
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020
kanderson@ADFlegal.org

*Counsel for Plaintiffs*

3

## DEFINITIONS

1. "RPSD" or "the District" means Rockford Public School District.

2. The term "Board" refers to the Rockford Public Schools' Board of Education.

3. The term "document" is synonymous in meaning and equal in scope to the broadest meaning provided by Rule 34 of the Federal Rules of Civil Procedure, and it includes all forms of tangible papers, electronic records, and communications.

4. The term "communication" means transmitted information and includes information transmitted via email, on social media, or in text messages.

5. The term "social media" means websites that allow users to create a personal profile and communicate information, including websites such as Facebook, Twitter, Instagram, LinkedIn, and Snapchat.

6. "Legal name" has the meaning given to it by Defendants in their Answer (ECF No. 40).

7. "Preferred name" has the meaning given to it by Defendants in their Answer (ECF No. 40).

8. "Preferred pronouns" has the meaning given to it by Defendants in their Answer (ECF No. 40).

## INSTRUCTIONS

1. These discovery requests are continuing, and you shall promptly supplement them after receiving additional responsive information.

2. These interrogatories are not seeking information or communications protected by the attorney-client privilege or work-product doctrine.

3. If you withhold any information requested based on a claim of privilege or work-product protection, you shall identify that document by stating (a) each addressor and addressee; (b) any addressee copied or blind copied; (c) the document's date, subject matter, number of pages, and attachments or appendices, (d) all persons to whom the document was distributed, shown, or explained, (e) its present custodian, and (f) the nature of the privilege you are claiming.

4. If you find the meaning of any term in these interrogatories unclear, you should assume a reasonable meaning, state what that assumed meaning is, and respond to the interrogatories based on that assumed meaning.

5. Search for responsive documents in every location where they are likely to be found, including all email accounts, social media accounts, mobile phones (including text messages), or other mediums of communication where any official, employee, agent, or representative of the District or the Board conducts official business.

6. For students other than Plaintiffs' daughter known in this litigation as G.M., please redact those students' names and personally identifiable information before producing the requested documents and communications.

7. Unless otherwise indicated, these requests are intended to refer to the time period from August 1, 2020, to the present.

## INTERROGATORIES

### Interrogatory No. 1

Identify each person involved in answering or assisting in answering these interrogatories.

**Response:**


### Interrogatory No. 2

Defendants' Answer asserts that "District employees reasonably believed that the Meads already knew about G.M.'s preferred name and pronouns." (ECF No. 40 ¶¶ 4, 21, 76, 160.) Identify every District employee whom Defendants claim "reasonably believed" that "the Meads already knew about G.M.'s preferred name and pronouns" and every fact that formed the basis for each District employee's belief.

**Response:**


### Interrogatory No. 3

Defendants' Answer asserts that "District employees reasonably believed that the Meads already knew about G.M.'s preferred name and pronouns." (ECF No. 40 ¶¶ 4, 21, 76, 160.) Identify every document that Defendants claim shows that "the Meads already knew about G.M.'s preferred name and pronouns." If none, so state.

**Response:**

**Interrogatory No. 4**

Identify every District employee who used what Defendants refer to as "G.M.'s preferred name and preferred pronouns" in communication with or about G.M.

**Response:**

**Interrogatory No. 5**

Identify every document in the District's possession that refers to G.M. by what Defendants' Answer refers to as "G.M.'s preferred name" or "preferred pronouns."

**Response:**

**Interrogatory No. 6**

Defendants' Answer asserts that "the District employee who created the REED corrected that electronic document to reflect G.M.'s legal name and pronouns throughout, consistent with the requirements for legally binding special education documents." (ECF No. 40 ¶ 6). Identify the source of the requirements to which Defendants are referring.

**Response:**

**Interrogatory No. 7**

Identify every instance in which a District employee at East Rockford Middle School has asked a parent or parents for their consent to refer to their child by a preferred name or preferred pronouns. For each instance, please identify how and

when parental consent was requested, but do not provide any student's name or personally identifiable information in response to this interrogatory.

**Response**:

### Interrogatory No. 8

Identify every instance in which a District employee has referred to a child by a preferred name or preferred pronouns without parental consent. For each instance, please explain why parental consent was not sought, but do not provide any student's name or personally identifiable information.

**Response**:

### Interrogatory No. 9

Identify every instance in which a parent has objected to a District employee referring to their child by a preferred name or preferred pronouns. For each instance, please identify all documents that reflect the parent's objection and the District's response to the parent's objection, but do not provide any student's name or personally identifiable information.

**Response**:

### Interrogatory No. 10

Identify the guidelines, policies, protocols, processes, and practices that District schools and employees are expected to follow when a student asks to be referred to by a preferred name or preferred pronouns at school. For each guideline, policy, protocol, process, and practice, identify when it was adopted; who was

involved in its adoption and implementation; whether and when it has been altered or amended; and who oversaw its implementation at East Rockford Middle School.

**Response:**

### Interrogatory No. 11

Identify the earliest date on which a District employee began using what Defendants' Answer refers to as "G.M.'s preferred name and preferred pronouns" and the name of that employee.

**Response**:

### Interrogatory No. 12

Defendants' Answer asserts that "District employees who communicated with Plaintiffs used G.M.'s legal name and female pronouns when communicating with Plaintiffs, as it was their understanding that G.M.'s parents preferred to use G.M.'s legal name and female pronouns." (ECF No. 40 ¶ 92). For each District Employee, identify the reasons or factual basis for what Defendants assert was "their understanding that G.M.'s parents preferred to use G.M.'s legal name and female pronouns."

**Response:**

### Interrogatory No. 13

Defendants' Answer asserts that "District employees who communicated with Plaintiffs used G.M.'s legal name and female pronouns when communicating with Plaintiffs, as it was their understanding that G.M.'s parents preferred to use G.M.'s legal name and female pronouns." (ECF No. 40 ¶ 92). Identify each document in the

9

District's possession that indicates that it was the Mead's preference "to use G.M.'s legal name and female pronouns."

**Response:**

### Interrogatory No. 14

Identify District or District School requirements for obtaining parental consent before referring to a student by a preferred name or preferred pronouns at school. If none, so state.

**Response:**

### Interrogatory No. 15

Identify every activity for which the District or a District school requires District employees to obtain parental consent.

**Response:**

10