# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| **DAN MEAD** and **JENNIFER MEAD**, <br><br> *Plaintiffs*, <br><br> v. <br><br> **ROCKFORD PUBLIC SCHOOL DISTRICT; ROCKFORD PUBLIC SCHOOLS' BOARD OF EDUCATION**, <br><br> *Defendants*. | Case No. 1:23-cv-01313 <br><br><br> Honorable Paul L. Maloney <br><br> Magistrate Judge Ray Kent |

**Defendants' Answer to Plaintiffs' First Set of Interrogatories**

Defendants, Rockford Public School District, Rockford Public Schools' Board of Education ("Rockford" or "the District"), respond to Plaintiffs' First Set of Requests for Production and First Set of Interrogatories as follows:

**General Objections**

1. Rockford objects to Instruction No. 1 to the extent it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure. Specifically, the Federal Rules require only that Rockford supplement discovery responses "in a timely manner." Rockford will timely supplement all discovery responses, as the rules require.

2. Rockford objects to Instruction No. 3 to the extent it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure and governing legal authority.

1

3.    Rockford objects to Instruction No. 5 to the extent it imposes obligations beyond those contemplated by the Federal Rules of Civil Procedure and governing legal authority.

## Interrogatories

**Interrogatory No. 1:** Identify each person involved in answering or assisting in answering these interrogatories.

**Answer:** **Rockford objects to this request to the extent that it calls for privileged information. Subject to that objection, Aaron Burkholder, Kyle Avink, Erin Cole, Heather Slater, Susan Trotter, Dawn Thorsen, Donita Coughlin, Nick VandenBerg, Greg LaCourt, Travis Harrell and Scott Haggadone assisted in answering these interrogatories.**

**Interrogatory No. 2:** Defendants' Answer asserts that "District employees reasonably believed that the Meads already knew about G.M.'s preferred name and pronouns." (ECF No. 40 ¶¶ 4, 21, 76, 160.) Identify every District employee whom Defendants claim "reasonably believed" that "the Meads already knew about G.M.'s preferred name and pronouns" and every fact that formed the basis for each District employee's belief.

**Answer:** **Rockford objects to the request that it identify "every fact" and "every district employee" as unduly burdensome and not proportional to the needs of this case. Subject to these objections, Rockford answers:**

2

(a) <u>Erin Cole</u>: In March 2022, G.M. messaged Erin Cole on Schoology. In that exchange, G.M. shared that G.M. had chosen a preferred name, "came out to my mom," and had asked mom to use G.M.'s preferred pronouns. Ms. Cole had additional conversations with G.M. that mirrored the Schoology message with G.M. G.M. and Ms. Cole also had conversations about interactions that G.M. had with mom about gender identity and G.M.'s preferred name and pronouns.

Ms. Cole held a "stand up meeting" with G.M.'s eighth grade teachers to discuss: (1) G.M.'s pending evaluation for special education eligibility, (2) that Heather Slater would reach out regarding observation and information related to G.M.'s pending evaluation, and (3) G.M.'s preferred name and pronouns, stemming from G.M.'s request.

(b) <u>Adam Burkholder</u>: Sometime in spring 2022, Mr. Burkholder came to believe, based on information from Ms. Cole, that Mrs. Mead was aware of G.M.'s request to go by different name and pronouns.

(c) <u>Kyle Avink</u>: To the best of his recollection, Mr. Avink had a general understanding that the Meads were aware of G.M.'s requests related to preferred name and pronouns based on conversation that, to the best of his recollection, he believes he had with Ms. Cole and Ms. Thorsen.

(d) <u>Heather Slater</u>: When Ms. Slater joined the Building Consultation Team (BCT) in August 2022 to discuss G.M.'s evaluation for special education eligibility, she came to understand from Ms. Cole and the BCT team that the Meads were aware of G.M.'s preferred name and pronouns, but that the Meads were not happy about G.M.'s requests. Ms. Slater understood that Rockford personnel used G.M.'s legal name and pronouns to avoid creating additional friction.

**Interrogatory No. 3**: Defendants' Answer asserts that "District employees reasonably believed that the Meads already knew about G.M.'s preferred name and pronouns." (ECF No. 40 ¶¶ 4, 21, 76, 160.) Identify every document that Defendants claim shows that "the Meads already knew about G.M.'s preferred name and pronouns." If none, so state.

3

**Answer:** Rockford objects to this request that it identify "every document" as unduly burdensome and not proportional to the needs of this case. Subject to these objections, Rockford answers as follows:

(a) March 7, 2022 Schoology messages between G.M. and Erin Cole.

(b) March 11, 2022 Schoology message from G.M. to Erin Cole, with picture of "new haircut" that was more consistent with a stereotypical male style.

*See also* Response to RFP Nos. 1, 8.

**Interrogatory No. 4:** Identify every District employee who used what Defendants refer to as "G.M.'s preferred name and preferred pronouns" in communication with or about G.M.

**Answer:** Rockford objects to this request that it identify "every District employee" as unduly burdensome and not proportional to the needs of this case. Subject to these objections, Rockford answers as follows:

(a) Adam Burkholder

(b) Kyle Avink

(c) Erin Cole

(d) Dawn Thorsen

(e) Susan Trotter

(f) Donita Coughlin

(g) Nick VandenBerg

(h) Greg LaCourt

**(i) Travis Harrell**

<u>**Interrogatory No. 5**</u>**:** Identify every document in the District's possession that refers to G.M. by what Defendants' Answer refers to as "G.M.'s preferred name" or "preferred pronouns."

<u>**Answer:**</u>  **Rockford objects to this request that it identify "every document" as unduly burdensome and not proportional to the needs of this case. Subject to these objections,** *see* **Responses to RFP Nos. 9, 11.**

<u>**Interrogatory No. 6**</u>**:** Defendants' Answer asserts that "the District employee who created the REED corrected that electronic document to reflect G.M.'s legal name and pronouns throughout, consistent with the requirements for legally binding special education documents." (ECF No. 40 ¶ 6). Identify the source of the requirements to which Defendants are referring.

<u>**Answer:**</u>  **Rockford requires that staff use students' legal name and pronouns in special education documents that create legal obligations for Rockford, including REEDs and IEPs. This is a longstanding requirement, which Heather Slater understood she was expected to follow.**

5

**Interrogatory No. 7:** Identify every instance in which a District employee at East Rockford Middle School has asked a parent or parents for their consent to refer to their child by a preferred name or preferred pronouns. For each instance, please identify how and when parental consent was requested, but do not provide any student's name or personally identifiable information in response to this interrogatory.

**Answer: Rockford objects to this request as irrelevant, unduly burdensome, and not proportional to the needs of the case. Subject to these objections, since August 1, 2020, no Rockford employee at East Rockford Middle School has asked a parent for consent to refer to their child by a preferred name or preferred pronouns.** *See* **Response to Interrogatory No. 10. By way of further answer, apart from the Meads, East Rockford Middle School has not had an instance during the relevant time period where a student has asked to go by a preferred name and pronouns and the student's parents later stated to anyone at East Rockford Middle School that the parents were unaware of the student's request.  Since 2020, East Rockford Middle School has had three students complete official name changes in Skyward.** *See* **Response to Interrogatory No. 10.**

**Interrogatory No. 8:** Identify every instance in which a District employee has referred to a child by a preferred name or preferred pronouns without parental consent. For each instance, please explain why parental consent was not sought, but do not provide any student's name or personally identifiable information.

6

**Answer:** Rockford objects to this request as irrelevant, unduly burdensome, and not proportional to the needs of the case. Subject to these objections, since 2020, East Rockford Middle School has had two counselors. On average, each counselor works with approximately five to ten students per year who have communicated to counseling staff a preference to use a name at school other than their legal name or given name. Based on counselor experience, in these situations the parents or guardians have been informed of the student's request to use a preferred name at school by the student. In some cases, parents choose to continue using the student's given or legal name at home; however, these parents have not objected to or interfered with the student's request to use a preferred name in the school setting.

East Rockford Middle School's standard practice when communicating with parents or guardians is to use the student's preferred name, unless a parent or guardian explicitly requests that the school use the student's given or legal name in those communications. G.M. had repeatedly directed Ms. Cole not to use the student's preferred name when communicating with parents, citing concern about G.M.'s father's potential reaction.

The Meads are the only family with a student at East Rockford Middle School since 2020 that has objected to East Rockford Middle School employees using the preferred name.

**Interrogatory No. 9:** Identify every instance in which a parent has objected to a District employee referring to their child by a preferred name or preferred pronouns. For each instance, please identify all documents that reflect the parent's objection and the District's response to the parent's objection, but do not provide any student's name or personally identifiable information.

**Answer:  Rockford objects to this request as irrelevant, unduly burdensome, and not proportional to the needs of the case. Subject to these objections, the Meads are the only family that has objected to East Rockford Middle School using the student's preferred name and pronouns at East Rockford Middle School. Although there are families who choose not to use the preferred name at home, East Rockford Middle School has not had an instance where a parent prevented, or tried to prevent, the student from using the preferred name at school.**

**Interrogatory No. 10:** Identify the guidelines, policies, protocols, processes, and practices that District schools and employees are expected to follow when a student asks to be referred to by a preferred name or preferred pronouns at school. For each guideline, policy, protocol, process, and practice, identify when it was adopted; who was involved in its adoption and implementation; whether and when it has been altered or amended; and who oversaw its implementation at East Rockford Middle School.

8

**Answer:** Rockford objects to this request as irrelevant, unduly burdensome, and not proportional to the needs of the case. Subject to these objections, Rockford answers as follows:

**(a)** *State Board of Education Statement and Guidance on Safe and Supportive Learning Environments for Lesbian, Gay, Bisexual, Transgender, and Questioning (LGBTQ) Students.* This guidance was issued by the State Board of Education on September 14, 2016. Rockford cannot state with any reasonable certainty when or how it began following the SBE Guidance at East Rockford Middle School as it has been in place for so many years. Mr. Burkholder, as the East Rockford Middle School principal, is responsible for overseeing its implementation at East Rockford Middle School.

**(b)** *Secondary Student Name Change Protocol.* Rockford follows the Rockford Public Schools Secondary Student Name Change Protocol for implementing name changes in Skyward, Rockford's student information system.

This name change protocol was developed in January 2022 and finalized on February 25, 2022. The protocol originated at Rockford High School. Once Rockford High School finalized the protocol, East Rockford Middle School began applying the same guidance. Mr. Burkholder, as the East Rockford Middle School principal, is responsible for overseeing its implementation at East Rockford Middle School.

**(c)** *Skyward Preferred Name Change Form.* Rockford follows the Rockford Public Schools Skyward Preferred Name Change Form for implementing name changes in Skyward, Rockford's student information system. The Skyward Preferred Name Change Form was developed at Rockford High School together with the Secondary Student Name Change Protocol. Mr. Burkholder, as the East Rockford Middle School principal, was responsible for overseeing its implementation at East Rockford Middle School.

**Interrogatory No. 11:** Identify the earliest date on which a District employee began using what Defendants' Answer refers to as "G.M.'s preferred name and preferred pronouns" and the name of that employee.

9

**Answer:** Erin Cole began using a preferred name and preferred pronouns for G.M. on or about March 7, 2022, after G.M. shared with Ms. Cole that G.M. had chosen a preferred name, "came out to my mom," and had asked mom to use G.M.'s preferred pronouns.

**Interrogatory No. 12:** Defendants' Answer asserts that "District employees who communicated with Plaintiffs used G.M.'s legal name and female pronouns when communicating with Plaintiffs, as it was their understanding that G.M.'s parents preferred to use G.M.'s legal name and female pronouns." (ECF No. 40 ¶ 92). For each District Employee, identify the reasons or factual basis for what Defendants assert was "their understanding that G.M.'s parents preferred to use G.M.'s legal name and female pronouns."

**Answer:** Rockford objects to this request as irrelevant, unduly burdensome, and not proportional to the needs of the case. Subject to these objections, *see* Responses to Interrogatory Nos. 2 and 8.

**Interrogatory No. 13:** Defendants' Answer asserts that "District employees who communicated with Plaintiffs used G.M.'s legal name and female pronouns when communicating with Plaintiffs, as it was their understanding that G.M.'s parents preferred to use G.M.'s legal name and female pronouns." (ECF No. 40 ¶ 92). Identify

each document in the District's possession that indicates that it was the Mead's preference "to use G.M.'s legal name and female pronouns."

**Answer:  Rockford objects to this request as irrelevant, unduly burdensome, and not proportional to the needs of the case. Subject to these objections,** *see* **Response to Interrogatory Nos. 2 and 8.**

**Interrogatory No. 14:** Identify District or District School requirements for obtaining parental consent before referring to a student by a preferred name or preferred pronouns at school. If none, so state.

**Answer:**  *See* **Response to Interrogatory No. 10.**

**Interrogatory No. 15:** Identify every activity for which the District or a District school requires District employees to obtain parental consent.

**Answer:  Rockford objects to this request as irrelevant, unduly burdensome, and not proportional to the needs of the case. Subject to these objections, Rockford requires parental consent for:**

- **Administration of medication at school**

- **To allow persons who are not parents/guardians to pick student up from school**

- **To share medical and/or education records of minor child with a third party**

- **Removal of the child from their general educational setting for a significant period of time (e.g, RTI, field trips)**

- **Participation as a mentor in the ASD (autism spectrum disorder) program,**

- **Viewing films rated PG through R,**

- **Evaluation for 504 or IEP (subject to due process procedures)**

## REQUESTS FOR PRODUCTION

**Request for Production No. 1**: Please produce all documents Defendants identified in response to Plaintiffs' interrogatories.

**Response: Rockford will produce any documents identified in response to Plaintiffs' interrogatories.**

**Request for Production No. 2**: Please produce documents sufficient to show how the District expects its employees to handle student requests to be referred to by a preferred name or pronouns, including policies, guidelines, protocols, and training materials.

**Response: Rockford follows the State Board of Education Statement and Guidance on Safe and Supportive Learning Environments for Lesbian, Gay, Bisexual, Transgender, and Questioning (LGBTQ) Students, which is attached to Plaintiffs' complaint as Exhibit 3. Rockford will produce the Secondary Student Name Change Protocol and the Skyward Preferred Name Change Form.** *See* **Response to Interrogatory No. 10.**

**Request for Production No. 3:** Please produce documents sufficient to show how the District expects its employees to inform parents or guardians about a student's gender, gender transition, gender identity, gender expression, preferred name, or preferred pronouns, including policies, guidelines, protocols, and training materials.

**Response:** *See* **Response to Request for Production No. 2.**

**Request for Production No. 4**: Please produce documents sufficient to show how the District expects its employees to notify a student's parents or guardians of a perceived change in a student's mental health, physical health, relationships with peers or school employees, or academic performance, including policies, guidelines, protocols, and training materials.

**Response: Rockford objects to this request as irrelevant, unduly burdensome, and not proportional to the needs of the case. Subject to these objections, Rockford will conduct a reasonable search for, and produce if found, documents responsive to RFP. No. 4.**

**Request for Production No. 5**: Please produce communications from Adam Burkholder or Kyle Avink that concern the sharing of information with parents or guardians about a

13

student's gender, gender transition, gender identity, gender expression, preferred name, or preferred pronoun.

**Response:** **Rockford objects to this request as irrelevant because it requests communications pertaining to students and parents with no connection to the claims in this case. Subject to these objections, Rockford will conduct a reasonable search for, and produce if found, communications from Mr. Burkholder or Mr. Avink documents responsive to this topic that pertain to the allegations in this case.**

**Request for Production No. 6:** Please produce G.M.'s student file.

**Response:** **Rockford will produce G.M.'s student file.**

**Request for Production No. 7:** Please produce G.M.'s "confidential file" as identified in Defendants' Answer (Doc. 40 ¶ 166.)

**Response:** **Rockford will produce G.M.'s confidential file.**

**Request for Production No. 8:** Please produce counseling records, including counseling notes and calendar entries, concerning G.M.

**Response:** **Rockford will conduct a reasonable search for, and produce if found, any counseling records concerning G.M. from August 1, 2020 to present.**

**Request for Production No. 9:** Please produce documents that identify Plaintiffs' daughter, G.M., by what Defendants' Answer refers to as her "preferred name" or "preferred pronouns."

**Response: Rockford has already produced responsive documents in response to Plaintiffs' FOIA request. Rockford will conduct an additional reasonable search, and produce if found, any non-privileged documents that identify G.M. by G.M.'s preferred name and pronouns.**

**Request for Production No. 10:** Please produce documents, including records and communications to or from District employees, that identify or refer to Dan or Jennifer Mead.

**Response: Rockford objects to this request as overbroad and not proportional to the needs of the case. Rockford has already produced responsive documents in response to Plaintiffs' FOIA request. Subject to these objections, Rockford will conduct an additional search, and produce if found, any non-privileged documents that identify or refer to Dan and Jennifer Mead from August 1, 2020 to present.**

**Request for Production No. 11:** Please produce communications between District employees concerning how employees should address Plaintiffs' daughter G.M.

15

**Response: Rockford has already produced responsive documents in response to Plaintiffs' FOIA request. Rockford will conduct an additional search, and produce if found, any non-privileged communications between District employees concerning how employees should address G.M.**

Request for Production No. 12: Please produce documents, including communications, between District employees that refer to their knowledge or belief concerning Plaintiffs' knowledge about the use of a preferred name or preferred pronouns for their daughter G.M.

**Response: Rockford has already produced responsive documents in response to Plaintiffs' FOIA request. Rockford will conduct an additional search, and produce if found, any non-privileged communications between District employees that refer to their knowledge or belief concerning Plaintiffs' knowledge about the use of a preferred name or preferred pronouns for G.M.**

Request for Production No. 13: Please produce documents to or from any District employee that contain the terms "social transition," "gender transition," "preferred name," "preferred pronouns," or any combination of these terms.

**Response: Rockford objects to this request as irrelevant, overbroad, and not proportional to the needs of this case. Without waiving objections, Rockford will**

16

**conduct a reasonable search for, and produce if found, any non-privileged documents that contain the terms listed in RFP No. 13 that relate to Plaintiffs' allegations in the complaint regarding G.M.**

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | MILLER JOHNSON<br>Attorneys for Defendants |
| Date: January 30, 2026 | By: _____<br>Amy E. Murphy (P82369)<br>Amanda Rauh-Bieri (P83615)<br>45 Ottawa Ave., SW, Suite 1100<br>Grand Rapids, MI 49503<br>(616) 831-1700<br>murphya@millerjohnson.com<br>Rauhbieria@millerjohnson.com |

MJ_ND 4910-4812-2247v6

## Verification

I, <u>Adam Burkholder</u>, declare under penalty of perjury that the responses to Plaintiff's interrogatories and requests for production set forth herein have been examined by me and are true and correct to the best of my knowledge, information, and belief.

Date: January 30, 2026        By: _____
                                      Signature

                              _____
                                      Printed name