UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAN MEAD and JENNIFER MEAD,

        Plaintiffs,

v.

ROCKFORD PUBLIC SCHOOL
DISTRICT and ROCKFORD PUBLIC
SCHOOLS' BOARD OF
EDUCATION,

        Defendants.

Case No. 1:23-cv-01313

Hon. Paul L. Maloney
Mag. Ray Kent

**Defendants' Response in Opposition to Plaintiffs' Motion to Compel**

**Introduction**

    This Court should deny Plaintiffs' motion to compel. Rockford has, and continues to, work diligently to produce responsive documents on a rolling basis. This is no small task when managing documents from over a dozen custodians, many of which contain sensitive student information that demands careful review.

    Contrary to Plaintiffs' argument, Federal Rule of Civil Procedure 34 does not require Rockford to predict a completion date under the circumstances here. Nothing in Rule 34's text mandates that Rockford commit to a firm date at this stage in discovery. Discovery in this case closes on May 29, 2026, and Rockford anticipates that its production will be substantially complete within the next three weeks, leaving Plaintiffs more than sufficient time to complete their depositions and conduct any remaining discovery within the next three months. This Court should deny Plaintiffs' motion to compel.

## Argument

**I.     Rockford is complying with its discovery obligations.**

The plain text of Federal Rule of Civil Procedure 34 requires: (1) a statement of willingness to produce, and (2) a reasonable timeframe for producing. Fed. R. Civ. P. 34(b). Rockford is diligently working to produce responsive documents, which requires the careful review of documents from over a dozen custodians, many of which contain sensitive student information. Rockford will produce responsive documents to Plaintiffs as promptly as possible. Rule 34 does not require a guaranteed completion date under the circumstances here.

Plaintiffs' contrary argument relies on the 2015 Advisory Committee Notes to Rule 34: "When it is necessary to make the production in stages the response should specify the beginning and end dates of the production." But it is the text of Rule 34, and not the advisory committee note, that controls here. *See United States v. Bills*, No. 1:24-CR-20446, 2026 WL 243204, at *10 (E.D. Mich. Jan. 29, 2026) ("advisory committee notes are not binding on federal courts" (citing *Tome v. United States*, 513 U.S. 150 (1995) (Scalia, J., concurring))). Requiring a bright-line deadline is premature and unwarranted in this case. *See id.*

Indeed, the circumstances where courts have leaned on the 2025 Advisory Committee Note differ substantially from those here. *See Nosak v. Nat'l Liab. & Fire Ins. Co.*, No. CIV-25-00147-GLJ, 2025 WL 3460174, at *1 (E.D. Okla. Dec. 2, 2025) (producing party waited 3.5 months to produce any documents and failed to communicate the source of the delay); *Patagonia, Inc. v. Anheuser Busch, LLC*, No. CV1902702VAPJEMX, 2020 WL 6260018, at *2 (C.D. Cal. Feb. 19, 2020) (ordering

that production be completed within 30 days of the order to compel for requests served 8 months prior); *Doe 1 v. Nat'l Collegiate Athletic Ass'n*, No. 1:23-CV-00542-SEB-MJD, 2024 WL 4012008, at *1 (S.D. Ind. Apr. 8, 2024) (rejecting the producing party's position that its production needed only to be completed by the discovery deadline).

The two cases relied on by Plaintiffs are likewise inapplicable here. *Waskul* involved an uncooperative party who had not meaningfully considered ESI methodology for months; failed to use available technology; and refused to explore alternatives. *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 569 F. Supp. 3d 626, 631-32 (E.D. Mich. 2021). The court "warn[ed] attorneys appearing in federal court either to be competent and cooperative in discovery about electronically stored information (ESI), or to partner with someone with ESI expertise." *Id.* at 630.

In *Deakin v. Magellan Health, Inc.*, 340 F.R.D. 424, 431, 433 (D.N.M. 2022), a putative class action lawsuit, the district court ordered—more than three months after the plaintiffs filed their motion to compel—that defendants specify a "reasonable end date" for their months-old production. The court also acknowledging that "while Defendants must make diligent, good-faith efforts to complete their document production by the reasonable end date they specify, Plaintiffs should anticipate that Defendants may locate and produce some responsive documents after this date by way of Rule 26(e) supplementation." *Id.* at 433.

None of these circumstances are present here. Rockford began producing responsive documents shortly after serving its discovery responses. Rockford is a K-12 educational institution with limited administrative staff responsible for

3

essential student-facing functions. In addition, this document review requires careful privilege screening due to student information, personnel records, and other sensitive content.

During the parties' meet and confer prior to this motion, Rockford's counsel assured Plaintiffs' counsel that Rockford continues to work in good faith towards completing its production. That remains true.  Rockford continues to work diligently to review and produce responsive documents. Discovery is open until May 29, 2026, and Rockford has assured Plaintiffs that Plaintiffs will have ample time to complete their depositions and any additional discovery in the three months that remain during the discovery period. Plaintiffs' motion to compel is therefore premature and unwarranted. Nevertheless, Rockford states that its production will be substantially completed within the next three weeks.

## Conclusion

The Court should deny Plaintiffs' motion to compel.

                                      MILLER JOHNSON
                                      Attorneys for Defendants

Date:  February 25, 2026         By: */s/ Amanda L. Rauh-Bieri*
                                                  Catherine A. Tracey (P63161)
                                                  Amy E. Murphy (P82369)
                                                  Amanda Rauh-Bieri (P83615)
                                                  45 Ottawa Ave SW, Suite 1100
                                                  Grand Rapids, MI 49503
                                                  (616) 831-1742
                                                  traceyc@millerjohnson.com
                                                  murphya@millerjohnson.com
                                                  rauhbieria@millerjohnson.com

MJ_ND 4922-3107-8544v3 77771-11