## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

|  |  |
|---|---|
| **DAN MEAD** and **JENNIFER MEAD**, | Case No. 1:23-cv-01313 |
| *Plaintiffs,* | Honorable Paul L. Maloney |
| v. | Magistrate Judge Ray Kent |
| **ROCKFORD PUBLIC SCHOOL DISTRICT**; **ROCKFORD PUBLIC SCHOOLS' BOARD OF EDUCATION**, | **Brief in Support of Plaintiffs' Motion to Reconsider** |
| *Defendants.* | |

## Introduction

This case involves Rockford Public School District's "unconsented facilitation of a child's gender transition"—which the Supreme Court has now made clear is more than enough to state a parent's claim under the Free Exercise Clause. *Mirabelli v. Bonta*, No. 25A810, 2026 WL 575049, at \*2 (U.S. Mar. 2, 2026). *Mirabelli* held a certified class of parents would likely succeed on the merits of claims nearly identical to Dan and Jennifer Mead's. *Id.* at \*2–5; *see* Verified Compl. ("VC") ¶¶ 243–259, ECF No. 1, PageID.35–37 (free-exercise claim) & ¶¶ 260–286, PageID.37–41 (due-process claim). In ruling for the parents under the Free Exercise Clause, *Mirabelli* expressly rejected *Doe No. 1 v. Bethel Loc. Sch. Dist. Bd. of Educ.*, 2025 WL 2453836 (6th Cir. Aug. 26, 2025), on which this court based its dismissal of the Meads' free-exercise claim. (Op. and Order  9–12, ECF No. 37, PageID.251–254.) In short, *Mirabelli* warrants reconsideration of the dismissal of the Meads' free-exercise claim.

1

## Legal Standard

Under Rule 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). And under W.D. Mich. LCivR 7.4(a), a party seeking reconsideration must show "a palpable defect by which the court and the parties have been misled" and "that a different disposition of the case must result from a correction thereof." That standard is easily met here due to "an intervening change of controlling law" that "justifi[es]" the reconsideration. *Luna v. Bell*, 887 F.3d 290, 297 (6th Cir. 2018).

## Argument

### I.   *Mirabelli* highlights the palpable defect in *Bethel*'s narrow reading of *Mahmoud v. Taylor* and the sufficiency of the Meads' claim.

In *Mirabelli*, a class of parents and teachers brought free-exercise and substantive-due-process challenges against California policies that, among other things, "permitted disclosure of a student's gender transitioning at school only if the student consented." 2026 WL 575049, at *1. For example, no one told one set of parent plaintiffs (pseudonymously called "the Poes") that school staff had begun to refer to their daughter by a masculine name and male pronouns at school. *Id.* Then, the girl attempted suicide. *Id.* The Poes later learned from their daughter's doctor—not her school—that she "had been presenting as a boy at school." *Id.* After this revelation, the Poes instructed the school to stop socially transitioning their daughter. *Id.* But the school persisted, claiming state law required the transition. *Id.* Ultimately, the Poes' daughter required therapy and psychiatric care. *Id.*

Likewise, another set of parent plaintiffs, the Does, confronted a school principal about the school's use of a masculine name and male pronouns for their

2

daughter "behind their backs." *Id.* The principal refused to follow the Does' directions, citing state law. *Id.* As a result, the Does' daughter also needed therapy. *Id.*

Based on these facts, the district court in *Mirabelli* granted a class-wide permanent injunction that "prevents the schools from 'misleading' parents about their children's gender presentation at school *and their social transitioning efforts.*" *Id.* at *2 (emphasis added). The injunction also required schools to "follow parents' directions regarding their children's names and pronouns." *Id.* But the Ninth Circuit, relying on *Bethel*, stayed the injunction pending appeal. *Id.*

The *Mirabelli* plaintiffs then filed an emergency application asking the U.S. Supreme Court to vacate that stay. *Id.* And the Court partially granted their application. *Id.* On free exercise, the Court criticized the Ninth Circuit's reliance on *Bethel*'s narrow reading of *Mahmoud v. Taylor*, 606 U.S. 522 (2025). *Id.* Contrary to *Bethel*'s reading, *Mahmoud* is not "a narrow decision focused on uniquely coercive curricular requirements." *Id.* (citation modified). Because the Ninth Circuit in *Mirabelli* had followed *Bethel*'s defective reading of *Mahmoud,* the Court granted the *Mirabelli* parents emergency relief. *Id.* at *3. This "general course correction" was needed to "allow the case to progress efficiently." *Id.* at *4 (Barrett, J., concurring). The same course correction is needed here.

Like the *Mirabelli* parents, the Meads brought free-exercise and due-process challenges to policies which allowed Rockford Public School District staff to socially transition their daughter without notice or parental consent. (VC ¶¶ 243–259, ECF No. 1, PageID.35–37 (free-exercise claim) & ¶¶ 260–286, PageID.37–41 (due-process claim).) On free exercise, the Meads argued that the District's policies trigger strict scrutiny under *Mahmoud* because they substantially interfered with their right as parents to guide their daughter's religious development. (Pls.' Notice of Suppl. Authority, ECF No. 36, PageID.239–41.) Yet this court, following *Bethel*, dismissed

the Meads' free-exercise claim under Rule 12(b)(6). (Op. and Order 9–12, ECF No. 37, PageID.251–254.)

But as *Mirabelli* makes plain, *Bethel* "significantly misunderstood *Mahmoud*." 2026 WL 575049, at *4 (Barrett, J., concurring). It errantly "brushed aside" *Mahmoud* as "a narrow decision focused on uniquely coercive curricular requirements." *Id.* at *2 (citation modified). Following *Mirabelli*, this court should correct the palpable defect *Bethel* introduced into this case and reinstate the Meads' free-exercise claim.

## II.    Correcting the palpable defect that *Bethel*'s misreading of *Mahmoud* introduced into this case will result in a different disposition.

*Mirabelli* not only warrants reconsideration of the dismissal of the Meads' free-exercise claim; it resolves that claim in their favor. "Indeed, the intrusion on parents' free exercise rights here—unconsented facilitation of a child's gender transition—is greater than the introduction of LGBTQ storybooks . . .  in *Mahmoud*." 2026 WL 575049, at *2. And just as the policies in *Mirabelli* "will likely not survive the strict scrutiny that *Mahmoud* demands," *id.* at *3, the District's policies will not survive strict scrutiny. On the compelling-interest prong, *Mirabelli* precludes the District's reliance on its purported interest in student "safety," *see* Defs.' Br. in Supp. of Mot. to Dismiss, ECF No. 13, PageID.103, because the District's policy "cut[s] out the primary protectors of children's best interests: their parents." 2026 WL 575049, at *3 (citing *Troxel v. Granville*, 530 U. S. 57, 68–69 (2000) (plurality op.)). And on the narrow-tailoring prong, the District fails because its policies did not "preclud[e] gender-identity disclosure" only to those "parents who would engage in abuse." *Id.* So the District's undisputed policies trigger and fail strict scrutiny. Because of *Mirabelli*'s dispositive effect on this case, the Meads' free-exercise claim should be reinstated.

## Conclusion

*Mirabelli* highlights the palpable defect in *Bethel*'s interpretation of *Mahmoud*, which misled this court to dismiss the Meads' free-exercise claim. *Mirabelli* affords this court the opportunity to exercise its "inherent power to reconsider" that dismissal and "reopen" that claim, "before entry of a final judgment." *In re Saffady*, 524 F.3d 799, 803 (6th Cir. 2008) (citation omitted). The Meads respectfully ask this court to do so.

Dated: March 12, 2026

Respectfully submitted,

*/s/ Noel W. Sterett*

DAVID A. CORTMAN
Georgia Bar No. 188810
ALLIANCE DEFENDING FREEDOM
1000 Hurricane Shoals Road N.E.,
  Suite D1100
Lawrenceville, Georgia 30043
(770) 339-0774
dcortman@ADFlegal.org

JOHN J. BURSCH
Michigan Bar No. P57679
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
jbursch@ADFlegal.org

KATHERINE L. ANDERSON
Arizona Bar No. 33104
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020
kanderson@ADFlegal.org

VINCENT M. WAGNER
Virginia Bar No. 98663
NOEL W. STERETT
Illinois Bar No. 6292008
DALTON A. NICHOLS
Indiana Bar No. 37499-71
ALLIANCE DEFENDING FREEDOM
44180 Riverside Parkway
Lansdowne, Virginia 20176
(571) 707-4655
vwagner@ADFlegal.org
nsterett@ADFlegal.org
dnichols@ADFlegal.org

*Counsel for Plaintiffs*

5

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief contains 1,152 words in compliance with W.D. Mich. LCivR 7.3(b), and that this brief was prepared using Microsoft® Word for Microsoft 365 MSO (Version 2202 Build 16.0.14931.20806).

s/ *Noel W. Sterett*
NOEL W. STERETT

*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that on March 12, 2026, I caused the foregoing document to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record for all parties.

/s/ Noel W. Sterett

NOEL W. STERETT
Illinois Bar No. 6292008
ALLIANCE DEFENDING FREEDOM
44180 Riverside Parkway
Lansdowne, Virginia 20176
(571) 707-4655
nsterett@ADFlegal.org

*Counsel for Plaintiffs*