## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| **DAN MEAD** and **JENNIFER MEAD**, | Case No. 1:23-cv-01313 |
| *Plaintiffs*, | |
| v. | |
| **ROCKFORD PUBLIC SCHOOL DISTRICT**; **ROCKFORD PUBLIC SCHOOLS' BOARD OF EDUCATION**, | Honorable Paul L. Maloney |
| | Magistrate Judge Ray Kent |
| *Defendants*. | |

### STIPULATION AND PROTECTIVE ORDER

In order to protect confidential information obtained from or disclosed by the respective parties or nonparties in connection with this litigation and pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502, the parties submit as follows:

### 1.    Introduction and Scope

This Protective Order shall govern any designated document or information produced in this action, including all designated motions and other papers submitted to the Court, all designated testimony, interrogatory answers, documents and other discovery materials, whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents, subpoenas, or other formal method of discovery or as a part of any disclosure required by the Federal Rules of Civil Procedure.

### 2.    Confidential Information.

Any party may designate as confidential any discovery material that the party in good faith believes constitutes material that is not generally known and

that the party (i) would not normally reveal to third parties or (ii) would cause third parties to maintain in confidence ("Confidential Information").

**3.    Designation of Confidential Information.**

Each party shall have the right to designate as classified and subject to this Protective Order any thing, information, document, or portion of any document produced or prepared by either party in this litigation that the designating party deems in good faith to constitute material that is generally not known and that the party (i) would not normally reveal to third parties or (ii) would cause third parties to maintain in confidence ("Confidential Information"). This designation shall be made by stamping each page of a document containing Confidential Information with the legend CONFIDENTIAL at or before production to the receiving party. In the event a party inadvertently produces Confidential Information without such legend, that party shall promptly furnish written notice to the receiving party that the Confidential Information is designated CONFIDENTIAL under this Protective Order, along with appropriately labeled copies of the Confidential Information. Such post-production designation of Confidential Information shall not, under any circumstances, be deemed a waiver, in whole or in part, of the right to assert confidentiality or of the protections of this Protective Order and shall not entitle the receiving party or its attorneys to disclose such information in violation of this Protective Order. Any Confidential Information not reduced to documentary, electronic, tangible or physical form, or which cannot be easily stamped, may be designated by providing written notice of such designation, and the designation of any storage media shall extend to the contents of such storage media. Materials provided for inspection do not need to be designated as Confidential Information until copies of the materials are requested after inspection and selection by counsel.

Making Confidential Information available for inspection shall not constitute a waiver of any claim of confidentiality or privilege.

If either party objects to the designation of any discovery material as "Confidential Information," that party shall state the objection in a letter to counsel for the party making the designation.  If the dispute cannot be resolved by agreement, the parties shall have the right, on reasonable notice, to apply to the Court to have the materials designated as non-confidential.  The party seeking the confidential treatment shall bear the burden of proof.  Until the Court rules on the motion, the information shall continue to be treated as designated.  This Protective Order shall also be without prejudice to the right of a party or non-party to apply to the Court for relief from any of the requirements hereof, for good cause.

**4.    Limit on Use of Confidential Information.**

Each party and all persons bound by the terms of this Protective Order shall use any Confidential Information governed by this Protective Order only for the purpose of prosecution, defense, or settlement of the captioned action.

Except as otherwise provided by written stipulation of the parties, or by further order of the Court, Confidential Information designated as CONFIDENTIAL shall only be disclosed by the receiving party for the purposes set forth above and only to:

(a)    attorneys who represent the receiving party, and employees of such attorneys or law firms with which such attorneys are associated, but only for purposes of this proceeding;

(b)    experts (whether acting as testifying experts or non-testifying consultants) and their staff retained by the receiving party for the purpose of providing advice, an expert opinion and/or testifying at the trial of this matter, and subject to Paragraph 5 of this Order;

3

(c)     the Court and Court personnel as provided in Paragraph 9 of this Order;

(d)     the parties to these actions (including employees, representatives of a party, and insurance claims representatives, who shall be advised of the existence and terms of this Order), but only for purposes of this proceeding; and

(e)     non-parties specifically retained to assist the attorneys of record or a party in copying or computer coding of documents, organizing, filing, translating, converting, storing or retrieving data, or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system, but only for purposes of performing such services in connection with this litigation.

No documents or information designated as CONFIDENTIAL shall be disclosed to any person except as otherwise provided in this Order, or by written stipulation of the parties, or by order of the Court.

## 5.    Identification of Experts.

A party desiring to disclose Confidential Information designated CONFIDENTIAL to outside experts (whether acting as testifying experts or non-testifying consultants) shall provide a copy of this Protective Order to the expert and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions.

## 6.    Designation of Deposition Transcripts.

To the extent they would disclose designated "Confidential Information," deposition transcripts, or portions thereof, as well as exhibits that have not

otherwise been designated pursuant to this Protective Order may be designated as subject to this Protective Order either:

(a)    at the time of such deposition, in which case the transcript of the designated testimony shall be bound in a separate volume and marked CONFIDENTIAL by the reporter, as the designating party may direct, or

(b)    within fifteen (15) calendar days following receipt of the deposition transcript by providing written notice to the reporter and all counsel of record.

**7.    Disclosure to Author or Recipient.**

Notwithstanding any other provisions of this Protective Order, nothing in this Order shall prohibit counsel for a party from disclosing any document designated as CONFIDENTIAL to any person whom the document clearly identifies as the author or a recipient of such document and regardless of designation pursuant to this Protective Order but only for the purposes set forth in Paragraph 4 of this Order. If a person viewing such documents is permitted to retain copies, that person must comply with the section below on Return of Designated Information at the close of the case.

**8.    Designation of Documents Under Seal.**

Any party seeking to file any document designated as CONFIDENTIAL with the Court must do so following the procedures in W.D. Mich. LCivR 10.6.

Each party has the right to move to seal testimony entered and exhibits marked during hearings and other proceedings if such testimony and/or exhibits contain Confidential Information. Any such motion to seal must follow the procedures in W.D. Mich. LCivR 10.6.

**9.**    **Preparation of Witness and Exhibit Designation.**

Any party may mark any Confidential Information designated as CONFIDENTIAL as an exhibit to a deposition, hearing, or other proceeding and examine any witness who is not otherwise prohibited from viewing such material thereon, provided the exhibit and related transcript pages receive the same type of confidentiality designation as the original document.

**10.**    **Return or Destruction of Designated Information.**

(a)    Not later than 30 days after final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating party, each party shall either assemble and return all Confidential Information designated as CONFIDENTIAL, including all copies (whether in the possession of the party, counsel, experts, or non-parties), extracts, and summaries thereof, to the party from whom such designated Confidential Information was obtained, except that any documents or copies that contain or constitute attorney's work product may be retained by counsel, or destroyed, or shall permanently destroy or delete all such Confidential Information.

(b)    However, if counsel is required to maintain copies of the Confidential Information to satisfy document retention requirements of the client or professional liability insurance, counsel shall certify that fact to the designating party along with the length of time counsel will need to maintain the Confidential Information, which shall in no event exceed six (6) years from the conclusion of this action. Promptly upon the expiration of the time certified to the designating party, counsel shall return or destroy the Confidential Information in accordance with Paragraph 10(a) of this Order.

**11.    Privileged Information.**

The inadvertent production of any privileged information shall not be deemed a waiver or impairment of any claim of privilege or protection afforded to the privileged information. Upon receiving written notice from the producing party that privileged information has been inadvertently produced, or upon independent discovery that privileged information has been inadvertently produced, the receiving party shall immediately return all such privileged information, and all copies thereof, to the producing party. Such return shall be without prejudice to, and does not waive, any claim by the returning party that the returned document(s) are not protected by a privilege, provided, however, that nothing contained in the returned document(s) shall be used by the returning party to establish the alleged lack of privilege. The burden of proving that the production was not inadvertent shall be on the receiving party.

**12.    Waiver or Termination of Protective Order.**

No part of the restrictions imposed by this Protective Order may be waived or terminated, except by the written stipulation executed by counsel of record for each designating party, or by an order of the Court for good cause shown. The restrictions provided for in this Order shall not terminate upon the conclusion of this action but shall continue until further order of this Court.

**13.    Modification of Protective Order.**

This Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of Confidential Information, or other discovery material as such party may consider appropriate. No party shall be precluded from: (a) claiming that any Confidential Information is not entitled to the protections of this Protective Order; (b) applying to the Court for an order permitting a disclosure or use of Confidential Information otherwise prohibited by this Order; or (c) applying for an

7

order modifying this Protective Order in any respect. No party shall be obligated to challenge the propriety of any confidentiality designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation. This Order may be modified, and any matter related to it may be resolved by written stipulation of the parties subject to approval of the Court.

14.    **Continuing Jurisdiction.**

This Protective Order is ongoing and shall survive termination of this lawsuit. This Court shall retain jurisdiction to enforce the Protective Order even after termination of this lawsuit.

15.    **Non-Applicability of Order to Documents Not Produced Pursuant to this Order.**

This Protective Order shall not apply to documents not produced pursuant to this Order. That is, if a party already has documents, which are later produced by the other party, such documents are not subject to this order.

Dated: __March 27, 2026__


  /s/ Ray Kent
_____
**Honorable Ray Kent**
**United States Magistrate Judge**




*/s/ Noel W. Sterett*                          March 25, 2026
**Counsel for Plaintiffs**                    **Date**


*/s/ Amanda L. Rauh-Bieri*                March 25, 2026
**Counsel for Defendants**                 **Date**

8