UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAN MEAD and JENNIFER MEAD,

               Plaintiffs,

v.

ROCKFORD PUBLIC SCHOOL
DISTRICT and ROCKFORD PUBLIC
SCHOOLS' BOARD OF
EDUCATION,

               Defendants.

Case No. 1:23-cv-01313

Hon. Paul L. Maloney
Mag. Ray Kent

---

**Defendants' Response in Opposition to Plaintiffs' Motion for Reconsideration**

This Court correctly dismissed Plaintiffs' free exercise claim. (*See* ECF No. 37, PageID.254). The Supreme Court's order in *Mirabelli v. Bonta*, --U.S.--, 146 S. Ct. 797 (2026) is a preliminary decision concluding only that the plaintiffs were likely to succeed on the merits of their claim.  It does not change the analysis of this Court in its September 18, 2025 opinion and order dismissing Plaintiffs' free exercise claim, which was based on established Supreme Court precedent. Rockford therefore asks this Court to deny Plaintiffs' motion for reconsideration.

**I.     This Court correctly determined that the SBE Guidance does not substantially interfere with the Meads' free exercise rights.**

In *Mirabelli*, a class of parents sought a religious exemption from California policies that "directed teachers not to tell parents about their children's gender identity without the children's consent." *Id.* at 801. Specifically, the California policies broadly, and without exception, "prevent[ed] schools from telling [parents]

about their children's efforts to engage in gender transitioning at school unless the children consent to parental notification." *Id.* at 800. Indeed, as emphasized in *Mirabelli's* concurrence, California's non-disclosure policies applied "even if parents expressly ask for information about their child's gender identification." *Id.* at 804.

The Supreme Court's order in *Mirabelli* addressed the plaintiffs' free exercise claim in a single paragraph. In that brief analysis, the Court concluded that "the parents who seek religious exemptions are likely to succeed on the merits of their Free Exercise Clause claim," explaining that the claim triggered strict scrutiny "because [California's policies] substantially interfere with the 'right of parents to guide the religious development of their children.'" *Id.* at 802 (quoting *Mahmoud v. Taylor*, 606 U.S. 522, 559 (2025)). The Court explained: "California's policies violate those beliefs and 'impos[e] the kind of burden on religious exercise that *Yoder* found unacceptable.'" *Id.* (quoting *Mahmoud*, 606 U.S. at 550).

In contrast to the California policies at issue in *Mirabelli*, the policy challenged in this case—the SBE Guidance adopted by Rockford—does *not* require Rockford to withhold information from parents about their children's gender identity unless and until the child consents. Nor would the SBE Guidance prohibit Rockford from approving a religious exemption. On the contrary, the SBE Guidance specifically recommends a careful analysis of the relevant factors, including "the responsibility to keep parents informed":

"When students have not come out to their parent(s**), a disclosure to parent(s) should be carefully considered on a case-by-case basis, school districts should consider the health, safety, and well-being of the student, as well as the responsibility to keep parents informed.** Privacy considerations may vary with the age of the students." (SBE Guidance, ECF No. 1-3, PageID.55 (emphasis added)).

This Court therefore correctly determined that the SBE Guidance does not "substantially interfere[] with the religious development of children," and therefore does not automatically trigger strict scrutiny. (ECF No. 37, PageID.249 (quoting *Mahmoud*, 606 U.S. at 546)).

*Mirabelli* does not unsettle this Court's prior ruling dismissing the Meads' free exercise claim. This Court's dismissal of that claim rested on long-standing Supreme Court precedent in *Bowen v. Roy*, 476 U.S. 693 (1986), *Wisconsin v. Yoder*, 406 U.S. 205 (1972), and *West Virginia Bd. of Educ. v. Barnette*, 319 U.S. 624, 629 (1943).  After carefully analyzing those cases, this Court found that the facts here "differ substantially and critically from Free Exercise jurisprudence where the Supreme Court has found that schools have burdened a parent's right to religious exercise." (ECF No. 37, PageID.251).

This Court also appropriately considered the Supreme Court's recent decision in *Mahmoud* when it concluded that Rockford's policy does not trigger direct strict scrutiny review. (ECF No. 37, PageID.249-251). To be sure, the Supreme Court in *Mirabelli* criticized the Ninth Circuit for "rel[ying] on a not-precedential Sixth Circuit decision and brush[ing] aside [*Mahmoud*], as 'a narrow decision focused on uniquely coercive 'curricular requirements.'" *Id.* (citing *Mirabelli v. Bonta*, No. 25-8056, 2026

3

WL 44874, at *3 (9th Cir. Jan. 5, 2026) (citing *Doe No.1 v. Bethel Loc. Sch. Dist. Bd. of Educ.*, No. 23-3740, 2025 WL 2453836, at *14 (6th Cir. Aug. 26, 2025)). But it was the Ninth Circuit—not the Sixth Circuit in *Bethel*—that "brushed aside" *Mahmoud* as a "narrow decision." The *Bethel* majority explained that its "reading of *Mahmoud* does not foreclose relief to religious students raising Free Exercise claims outside the context of the school's curriculum." *Bethel*, 2025 WL 2453836, at *7 n.3. *Bethel* did not, as the Ninth Circuit in stated, restrict *Mahmoud*'s holding to "uniquely coercive curricular requirements."  And, in any event, this Court did not rely on *Bethel* when determining whether the *Mahmoud* strict scrutiny exception should apply; it only relied on *Bethel* to determine whether the challenged policy was neutral and generally applicable, and nothing about the Supreme Court's preliminary ruling in *Mirabelli* unsettles that aspect of *Bethel*'s analysis. (ECF No. 37, PageID.251-252).

Moreover, the Court's free exercise ruling in this case did not rest on an interpretation of *Mahmoud* as applicable only to "uniquely coercive curricular requirements," as in *Mirabelli*. To the contrary, relying on *Bowen*, *Yoder*, *Barnette*, and *Mahmoud*, this Court properly determined: "The District's policy and practice does not relate to attendance, does not compel action by the student or parents, and does not involve instruction or school curriculum." (ECF No. 37, PageID.251).

Nor does Rockford's policy prohibit school staff, *upon inquiry from a parent*, from responding or providing accurate information about their child's preferred name and pronouns, like the California policies at issue in *Mirabelli*. *See also Willey v. Sweetwater Cnty. Sch. Dist. No. 1 Bd. of Trs.*, 680 F. Supp. 3d 1250, 1277 (D. Wyo.

4

2023) (finding that, to the extent a student privacy policy "prohibits a teacher or school employee, upon inquiry by a parent or legal guardian, from responding or providing accurate and complete information concerning their minor child (and absent a threat to the wellbeing of the student), it burdens a parent's fundamental right to make decisions concerning the care, custody and education of their child). Because nothing in the plain language of the SBE Guidance adopted by Rockford states that school staff must withhold information from parents about their children's preferred name and pronouns, even after the parents inquire, it does not raise the same constitutional concerns as the California's policies.

Given the significant factual differences between the California policies and the SBE Guidance adopted by Rockford, as well as the cursory analysis by the *Mirabelli* Court, there is no change in the controlling law that would support a finding of palpable defect. *See Stryker Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 1:05-CV-051, 2009 WL 56671, at \*1 (W.D. Mich. Jan. 8, 2009).

II.    **Even if strict scrutiny applies, the *Mirabelli* order would support a finding that the SBE Guidance serves a compelling state interest and is narrowly tailored**.

Even if *Mirabelli* "changed the controlling law" to require application of strict scrutiny to Rockford's policy, *Mirabelli's* strict scrutiny analysis highlights the substantial and critical distinctions between the California policies and Rockford's policy and supports the conclusion that Rockford's policy would survive strict scrutiny. In response to the State of California's argument that its policies advance a compelling interest in student safety and privacy, the *Mirabelli* court did not take

issue with the concept that student safety and privacy are "compelling state interests." Instead, the Court's concern was that California's policies "cut out" the primary protectors of children's best interests (their parents). The Court then suggested that "the State's interest in safety could be served by a policy that allows religious exemptions while precluding gender-identity disclosure to parents who would engage in abuse."

But, unlike California's policies, which broadly prohibit disclosure to parents for any reason (absent the child's consent) even after parents specifically ask about their child's gender identity, Rockford's policy does not broadly prohibit disclosure to parents and nothing in the policy suggests that information should be withheld even after parents inquire. Instead, Rockford's policy recommends that the school carefully consider "the health, safety, and well-being of the student, as well as the responsibility to keep parents informed." All of these considerations serve the compelling state interest of promoting student safety and privacy and are narrowly tailored to accomplish those goals, while recognizing the responsibility to keep parents informed.

## Conclusion

Rockford asks this Court to deny Plaintiffs' motion for reconsideration.

MILLER JOHNSON
Attorneys for Defendants

Date:  April 15, 2026              By: */s/Amanda Rauh-Bieri*
                                          Catherine A. Tracey (P63161)
                                          Amy E. Murphy (P82369)
                                          Amanda Rauh-Bieri (P83615)
                                          45 Ottawa Ave SW, Suite 1100
                                          Grand Rapids, MI 49503
                                          (616) 831-1742
                                          traceyc@millerjohnson.com
                                          murphya@millerjohnson.com
                                          rauhbieria@millerjohnson.com

7