# EXHIBIT 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DAN MEAD and JENNIFER MEAD,

        Plaintiffs,

v.

ROCKFORD PUBLIC SCHOOL
DISTRICT and ROCKFORD PUBLIC
SCHOOLS' BOARD OF
EDUCATION,

        Defendants.

Case No. 1:23-cv-01313

Hon. Paul L. Maloney
Mag. Ray Kent

---

### Defendants' Answer to Plaintiffs' Requests for Admission

Defendants, Rockford Public School District, Rockford Public Schools' Board of Education ("Rockford" or "the District"), respond to Plaintiffs' Requests for Admission as follows:

### General Objections

1.      Defendants object to Instructions Nos. 1 and 2 to the extent they purport to impose obligations beyond those set forth in Federal Rule of Civil Procedure 36. Subject to those objections, Defendants' responses are made in accordance with Rule 36 and based on information known or reasonably available at the time of response.

### Requests for Admission

**Request for Admission No. 1.** Admit that the District is unaware of any District employee who notified either Dan or Jennifer Mead that District employees were referring to G.M. as "F███" at school before Ms. Slater provided Dan Mead the REED evaluation on October 10, 2022.

**ANSWER:  Rockford admits that the District is unaware of any District employee who notified either Dan or Jennifer Mead before October 10, 2022, that District employees were referring to G.M. as F▮▮▮, as the District reasonably believed the Meads were already aware.**

**Request for Admission No. 2.** Admit that the District is unaware of any District employee who notified either Dan or Jennifer Mead that District employees were referring to G.M. by either they/them or he/him pronouns before Ms. Slater provided Dan Mead the REED evaluation on October 10, 2022.

**ANSWER:  Rockford admits that the District is unaware of any District employee who notified either Dan or Jennifer Mead before October 10, 2022, that District employees were referring to G.M. by either they/them or he/him pronouns, as the District reasonably believed the Meads were already aware.**

**Request for Admission No. 3.** In answering paragraph 5 of the Verified Complaint, Defendants state that, "when creating a Review of Existing Evaluation Data ('REED') – a legal document used as part of the process to determine special education eligibility – the District employee responsible for creating the REED used G.M.'s legal name and pronouns, as required for formal special education documents, instead of the preferred name and pronouns that some of G.M.'s teachers had used when providing feedback for the REED." (ECF No. 40, PageID.271). Admit that, when the District employee created the REED, the District employee could have complied with the requirements for formal special education documents by including

2

references to G.M.'s preferred name and preferred pronouns in addition to her legal name and pronouns.

**ANSWER:  Denied.**

**Request for Admission No. 4.** In answering paragraph 4 of the Verified Complaint, the District states that "District employees reasonably believed that the Meads already knew about G.M.'s preferred name and pronouns." (ECF No. 40, PageID.270). Admit that, as early as G.M.'s message to East Rockford Middle School counselor Erin Cole on March 9, 2022 (RPS_00001), the District had evidence that Jennifer Mead opposed the use of "they/them" pronouns for G.M.

**ANSWER:  Rockford admits that it was in possession of the March 9, 2022, message referenced in the request. Rockford denies that the District had evidence that Jennifer Mead opposed the use of they/them pronouns for G.M. All remaining or inconsistent allegations are denied.**

**Request for Admission No. 5.** Admit that the District has no evidence that Dan and Jennifer Mead supported the use of G.M.'s preferred name at school.

**ANSWER:  Admitted.**

**Request for Admission No. 6.** Admit that, while G.M. was a student at East Rockford Middle School, the District had evidence that the Meads opposed the use of G.M.'s preferred pronouns because of the Meads' Christian beliefs.

**ANSWER:  Rockford denies that the District had evidence that the Meads opposed the use of G.M.'s preferred pronouns because of the Meads'**

3

**Christian beliefs. All remaining or inconsistent allegations are denied as untrue.**

**Request for Admission No. 7.** Admit that, while G.M. was a student at East Rockford Middle School, the District had no evidence that either Dan or Jennifer Mead were engaged in child abuse or child neglect of G.M.

**ANSWER:  Rockford admits only that, while G.M. was a student at East Rockford Middle School, the District had no evidence that either Dan or Jennifer Mead were engaged in "child abuse" or "child neglect," as defined under applicable Michigan law.  All remaining or inconsistent allegations are denied.**

**Request for Admission No. 8.** Admit that, while G.M. was a student at East Rockford Middle School, the District had no evidence that either Dan or Jennifer Mead was a threat to G.M.'s health, safety, or well-being.

**ANSWER:  Rockford admits only that, while G.M. was a student at East Rockford Middle School, the District had no evidence of physical abuse or threats of violence made by Dan or Jennifer Mead toward G.M.  All remaining or inconsistent allegations are denied.**

**Request for Admission No. 9.** Admit that, in the District's response to the Meads' state-law FOIA request in the spring of 2023, the District did not produce the emails Bates-numbered RPS_001642–001644.

**ANSWER:  Admitted.**

4

MILLER JOHNSON
Attorneys for Defendants

Date:  May 11, 2026

By: */s/Catherine A. Tracey*
Catherine A. Tracey (P63161)
Amy E. Murphy (P82369)
Amanda Rauh-Bieri (P83615)
45 Ottawa Ave SW, Suite 1100
Grand Rapids, MI 49503
(616) 831-1742
traceyc@millerjohnson.com
murphya@millerjohnson.com
rauhbieria@millerjohnson.com

5

MJ_ND 4930-0479-8370v5